**In re HIGBEE CO.**

**YOUNG v. MURPHY et al.**

**No. 36119.**

District Court, N. D. Ohio, E. D.

May 3, 1946.

Proceeding in the matter of the Higbee Company, debtor, wherein Robert R. Young filed a petition for an order permitting him to engage attorneys on behalf of debtor company and to sue John P. Murphy and Gertrude Baker Bradley and Alva Bradley, executors of the estate of Charles L. Bradley, deceased. On submission of respondents' proposed findings and conclusions.

See also 57 F.Supp. 737.

Dwight B. Buss, Jones, Day, Cockley & Reavis, Robert J. Bulkley, James A. Butler, Robert W. Purcell, and McKeehan, Merrick, Arter & Stewart and George W. Cottrell, all of Cleveland, Ohio, for petitioner.

Marvin Harrison, of Cleveland, Ohio, for respondent.

JONES, District Judge.

Further consideration of the Respondents' proposed findings and conclusions has not altered the initial impression that they are not in accord with the Court's interpretation of the rule requiring them in like cases, and that they are open to the Petitioner's criticism—that they in too large degree constitute an historical review or narrative of litigation between and affecting the parties and The Higbee Company reorganization; that they are also, to some extent, matters which might be set forth in a brief constituting the argument or conclusions of the draftsman. Specific examples may be cited as paragraphs 4, 30, 31, 35, 36, 37, 40, 43 and 44.

It seems to me that the ultimate facts found are all that need be included, together with sufficient findings to support the Court's opinion and judgment. It is my suggestion that the Respondents try to reduce the length of the proposed findings and to bring them within the Court's view of what is required and sufficient under the rule. Otherwise, the Court may adopt such of the Respondents' and of the Petitioner's proposed findings and conclusions as seem proper, or the Court may prepare an independent set of its own, which probably is the real intent of the rule. The practice of having the prevailing party prepare the draft for submission is in the interest of assisting the Court and also of benefit to the party in seeing to it that essential ultimate facts to support the judgment are included. This does not mean that a narrative of the evidence here, or of the evidence and conduct of the parties in earlier proceedings, should be set forth at length in findings.

What has been said does not extend to finding 64 and conclusion 7 since they do seem essential in view of the Court's ruling on the Bradley Estate motion that the

basis of the motion and the ruling of the Court be fully incorporated.

It will be helpful to the Court, if the Respondents determine to try again, that it be done with reasonable promptness so that this protracted litigation may come to a final conclusion in this Court.